ROMAN CATHOLIC CHURCH, ETC., Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1114. Submitted November 19, 1942.—Decided January 15, 1943.

*Heriberto Torres Solá* for appellant.

Mr. Justice Snyder delivered the opinion of the court.

In an adversary proceeding in the district court, the final judgment read in part as follows:

". . . It is further ordered that there be recorded in the proper registry of property, in the name of the plaintiff, a *capellanía* for the principal sum of 300 Spanish pesos and another *capellanía* for the principal sum of $1,000 Spanish pesos, both *capellanías* with an annual income (*réditos*) of 5% on the principal sum in each case, the property of the defendant which is described below being subject to said *capellanía*: . . ."

The registrar refused to record the said *capellanías* for the following reasons:

"First: because the judgment directs the recording of 'a *capellanía* for three hundred Spanish pesos and another *capellanía* for one thousand Spanish pesos, both with an income of 5%,' for the reasons stated in the opinion attached to the record, and from that opinion it appears that the plaintiff alleges he is the owner of 'certain *censos* which were recorded' and prays their 'reinscription' the court declaring that said *censos* 'in fact were never recorded but only mentioned,' which creates confusion as to what is to be done in the registry: the 'reinscription' of a mention of *capellanías* which

appears canceled, or the 'recording' of certain *censos*, which is the name sometimes given to such *capellanías*; second: if what is really sought is the recording of the *capellanías*, the deed constituting such encumbrances must be submitted to the registry; third: because if what is sought is to convert into a record the mention of said *capellanías* made in the Registry, such conversion does not lie, as no term therefor is now available; fourth: because there has been no judgment ordering the defendant to execute the corresponding deed constituting the encumbrances, nor, in default thereof, has the Marshal of the Court been directed to execute the same subject to the proper conditions; fifth: because, in order to constitute this encumbrance, the consent of the defendant's wife is required, and she has not voluntarily given the same, nor did the court acquire jurisdiction over her in compelling the defendant husband alone to encumber property belonging to the conjugal partnership.' ''

Some, if not all, of the registrar's reasons appear to question the grounds of the district court's decision. That is not one of the functions of a registrar. "Article 18 of the Mortgage Law grants registrars the power to classify, under their responsibility, the documents issued by judicial authorities, for the sole purpose of admitting, suspending or refusing their record or entry; but such power does not authorize them to examine the grounds of judicial decision, nor to base, upon the opinion they may form of the legality of such grounds, the denial of any record or entry, although it is permissible for them to consider whether or not they have been rendered by a court of competent jurisdiction and in the proper action . . . ''. (*Ramírez* v. *The Registrar of Property*, 16 P.R.R. 330, 331, 332). See *Solá* v. *Registrar*, 39 P.R.R. 449, 453; *Heirs of Trías* v. *Registrar*, 59 P.R.R. 462. Cf. *Correa* v. *Registrar*, 53 P.R.R. 261.

 But even assuming that the registrar was entitled to pass on some of the questions he raises, his interpretation of the opinion and judgment of the district court can not be sustained.

It is true, as pointed out by the registrar, that the opinion of the district court refers to the facts that the plaintiff al-

leges in its complaint in the district court that it is the owner of the said *capellanías* which were recorded and prays for their reinscription, whereas the district court asserts that they were never recorded but only mentioned. But this does not, as the registrar contends, "create confusion as to what is to be done in the registry". On the contrary, the lower court makes a clear statement of its ruling, from which no appeal was taken, as follows:

"From the foregoing it may be seen that when the defendant acquired each of the undivided interests in the property involved in the suit, he had knowledge of the existence of the *censos* which he now challenges. We do not refer to any notice which he may have had from the mentions of the *censos* in the registry. We refer to the actual knowledge which he had through the mention of the encumbrances in the deeds whereby he acquired the first undivided interests, and which was indicated in the letter he wrote to the plaintiff on July 17, 1932.

"Inasmuch as the defendant had personal knowledge of the existence of the *censos* when he acquired his rights over the encumbered immovable, he can not be considered as a third person, and therefore he acquired the immovable subject to the *censos*. The result would have been the same even if the registry contained no mention of the rights of the plaintiff. *Jones* v. *Torruellas et al.*, 28 P.R.R. 42. Although in the cited case the Supreme Court did not consider extensively the effect of an unrecorded *censo*, the point was expressly decided, as therein a person was compelled to pay the income of an unrecorded *censo* because he had acknowledged the existence of the *censo* in the deed by which he acquired the encumbered immovable.

"It is true that, at the request of the defendant, based on the provisions of Act No. 12 of August 29, 1923, as amended, the registrar of property purported to have canceled 'the liens relating to the record of charges on the attached first inscription . . . ,' that is, the *censos* involved in the complaint. But the registrar had no power to cancel the liens. The said act empowers him to cancel only the *mentions* of *censos*, but not the *censos* themselves. And it is unnecessary to point out the difference between a right or obligation and the record of such right or obligation in the registry of property. The right or obligation may exist without it appearing from

the registry, and rights or obligations which never existed or which have ceased to exist may appear from the registry. And in the case at bar, although the defendant could obtain the cancellation of those mentions of *censos* which were entered for over 20 years, there being a staute which authorizes it, neither the defendant nor the registrar could deprive the plaintiff of a right which the defendant himself had acknowledged shortly before he sought to destroy it.

"For the reasons stated the complaint must be sustained. We have hesitated somewhat in the determination of the proper terms of the judgment. The plaintiff prays for reinscription of the *censos*. The fact is that they were never recorded, but only mentioned in various inscriptions. However, what is essentially requested is that there be recorded the *censos*, the existence of which are involved herein, so that the plaintiff may be protected as against third persons. Therefore, we think it proper, for the purpose of doing complete justice and avoiding subsequent suits, to order the recordation of plaintiff's rights."

The remaining contentions of the registrar are likewise without merit. No public deed constituting the two *capellallanías* is required under these circumstances; the judgment itself is sufficient basis for their recordation. As to jurisdiction of the defendant's wife, it is sufficient to say that the defendant was sued in the district court as administrator of the conjugal partnership. And, as the district court pointed out, both the defendant and his wife acquired the property herein with notice of and subject to the *capellanías*.

The ruling of the registrar will be reversed, and he will be directed to record the *capellanías* in question.